UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CESAR de la GARZA, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No.  3:09-cv-915 (VLB) |
| : | |
| UNIVERSITY OF CONNECTICUT : | |
| MEDICAL HEALTH CENTER, et al., : | |
|     Defendants. : | May 18, 2010 |

**MEMORANDUM OF DECISION DENYING THE DEFENDANTS' [DOC. #21] MOTION TO STRIKE AND REQUEST THAT PLAINTIFF AMEND HIS COMPLAINT**

The Court, Squatrito, D.J., conducted an initial review of the complaint and dismissed, pursuant to 28 U.S.C. § 1915A, all claims filed pursuant to 28 U.S.C. §§ 2283 and 2284; all claims filed pursuant to 42 U.S.C. § 1987; all federal law claims against defendants University of Connecticut Medical Health Center and Theresa Lantz; all individual capacity claims filed under the Americans with Disabilities Act; and all official capacity claims filed under the Americans with Disabilities Act that do not seek prospective injunctive relief.  The Court also declined to exercise supplemental jurisdiction over any state law claims against defendants University of Connecticut Medical Health Center and Theresa Lantz.  See Initial Review Order, Doc. #7.

The remaining defendants state that the Initial Review Order constitutes specific directions as to how the complaint should be amended.  While the Order clearly explained why the dismissed claims were not cognizable, the Court did not order the plaintiff to amend his complaint.

The remaining defendants also characterize the complaint as containing 61 counts.  The complaint contains 61 paragraphs of factual allegations supporting his claims, not 61 counts.  The plaintiff characterizes his claims as deliberate indifference to his serious medical needs, in the form of denials of treatment, delays in treatment and improper diagnosis, and retaliation.

The remaining defendants now move to strike the complaint and ask that the plaintiff be directed to file an amended complaint containing only a short plain statement of his claims.  Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979).  Allegations are impertinent and immaterial if proof concerning the allegation could not be received at trial.  Mahon v. Chicago Title Ins. Co., No. 3:09cv690(AWT), 2009 WL 4268372 (D. Conn. Nov. 24, 2009); Lipsky v. Commonwealth United Corp., (551 F.2d 887, 893 (2d Cir. 1976).

The defendants cite various paragraphs of the complaint that lack specificity, such as specific dates upon which the plaintiff was denied medical treatment, the injuries suffered as a result of the denial of medical treatment or specific actions taken by each defendant.  Alleging, inter alia, a lack of specificity and prolixity, the defendants characterize the allegations as immaterial, impertinent, and scandalous.  The plaintiff, as a pro se litigant, must be held to a less stringent standard in

pleading than that required of members of the bar.  Boykin v. Keycorp, 521 F.3d 202, 214 (2d Cir. 2008).  The Court cannot find, at this time, that proof concerning the various allegations could not be received at trial.  Thus, the motion to strike is denied.  If the defendants require more specific details regarding the plaintiff's claims, they may request that information during discovery.

In conclusion, the defendants' motion to strike and request that the plaintiff amend his complaint [Doc. # 21] is DENIED.

The Court hereby enters the following revised scheduling order:

1.  The defendants are directed to file their answer by May 26, 2010.

2.  All discovery shall be completed by August 28, 2010.

3.  Any motion for summary judgment shall be filed by September 28, 2010, with the response to be filed by October 20, 2010.

                                 IT IS SO ORDERED.

                          /s/
                        Vanessa L. Bryant
                        United States District Judge

Dated at Hartford, Connecticut: May 18, 2010, 2010.